1  RONALD P. SLATES, State Bar #43712
   KONRAD L. TROPE, *Of Counsel*, State Bar #133214
2  RONALD P. SLATES, A PROFESSIONAL CORPORATION
   500 South Grand Avenue, Biltmore Tower Suite 2010
3  Los Angeles, California 90071
   (213) 624-1515 / FAX (213) 624-7536
4  rslates2@rslateslaw.com
   ktrope@tropelawgroup.com
5  Attorneys for Plaintiff Lunch Inc., a Delaware corporation

6

7

8                    UNITED STATES DISTRICT COURT

9      FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

10

11  LUNCH INC., a Delaware corporation,   ) CASE NO.
                                          )
12              Plaintiff,                ) **Complaint for:**
                                          ) (1) Breach of Written Contract;
13       vs.                              ) (2) Breach of Oral Contract;
                                          ) (3) Violation of the Racketeering
14  DILIGENCE CORPORATION, a              ) Influence and Corrupt Organizations Act
    Tennessee corporation; KESHANTI E.    ) "Rico" (Wire Fraud);
15  CHISM aka KESHANTI EMIL CHISM         ) (4) Violation of Rico (Money
    aka KESHANTI CHISM aka EMIL K.        ) Laundering)
16  CHISM aka E. CHISM KESHANTI and       ) (5) Violation of Rico
    aka EMIL CHISM KESHANTI, an           ) (Theft/Conversion);
17  individual; CARRIE ANNE PARRISH       ) (6) Fraud - Intentional
    aka CARRIE PARRISH and aka            ) Misrepresentation- Suppression of Fact;
18  CARRIE TARRISH, an individual; and    ) (7) Negligent Misrepresentation -
    DOES 1 through 25, inclusive,         ) Suppression of Fact;
19                                        ) (8) Conversion;
                Defendant.                ) (9) Unjust Enrichment and Imposition of
20  _____) Constructive Trust; and
                                            (10) Conspiracy to Commit Fraud
21
                                            **PLAINTIFF DEMANDS A JURY**
22                                          **TRIAL**

23

24       Plaintiff LUNCH INC., a Delaware corporation, hereby respectfully brings this

25  Complaint and alleges as follows:

26                              **PARTIES**

27       1.     Plaintiff, LUNCH INC., a Delaware corporation ("Plaintiff"), is now and

28  was, at all times herein mentioned, a corporation duly organized and existing under and

                                      Page 1

1   by virtue of the laws of the State of Delaware and is now and was, at all times herein

2   mentioned, authorized to do and doing business in the State of California as a foreign

3   corporation with its principal place of business in said State located in the County of

4   Los Angeles at 1241 5th Street, Suite 309, Santa Monica, California 90401.

5        2.     Plaintiff is informed and believes, and based upon such information and

6   belief alleges, that Defendant DILIGENCE CORPORATION ("Diligence"), is now

7   and was, at all times herein mentioned, a corporation duly organized and existing under

8   and by virtue of the laws of the State of Tennessee, with its principal place of business

9   located at 5100 Poplar, 27th Floor in the City of Memphis, County of Shelby, State of

10  Tennessee.

11       3.     Plaintiff is informed and believes, and based upon such information and

12  belief alleges, that Defendant, KESHANTI CHISM aka KESHANTI EMIL CHISM

13  aka KESHANTI CHISM aka EMIL K. CHISM aka E. CHISM KESHANTI and aka

14  EMIL CHISM KESHANTI ("K. Chism"), is now and was, at all times herein

15  mentioned, an individual residing in the City of Memphis, County of Shelby, State of

16  Tennessee.

17       4.     Plaintiff is further informed and believes, and based upon such

18  information and believe alleges, that Defendant K. Chism is now and was, at all times

19  herein mentioned, the Chief Executive Officer, a director and the Agent for Service of

20  Process of Defendant Diligence and derives all or substantially all of his livelihood

21  from the operation of Defendant Diligence.

22       5.     Plaintiff is further informed and believes, and based upon such

23  information and belief alleges, that this Court has ultra vires jurisdiction over

24  Defendant K. Chism based upon his engaging in activities that were outside of his

25  authority as the Chief Executive Officer and a director of Defendant Diligence, as set

26  forth more fully hereinbelow.

27       6.     Plaintiff is informed and believes, and based upon such information and

28  belief alleges, that Defendant, CARRIE ANN PARRISH aka CARRIE PARRISH and

Complaint & Demand for Jury Trial

aka CARRIE TARRISH ("Parrish"), is now and was, at all times herein mentioned, an individual residing in the County of Shelby, State of Tennessee.

7.      Plaintiff is further informed and believes and based thereon alleges that Defendant Parrish is an officer and director of Defendant Diligence and derives all or substantially all of her livelihood from the operation of Defendant Diligence.

8.      Plaintiff is further informed and believes, and based upon such information and belief alleges, that this Court has ultra vires jurisdiction over Defendant Parrish based upon her engaging in activities that were outside of her authority as an officer and director of Defendant Diligence, as set forth more fully hereinbelow.

9.      Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendant Parrish, is a co-conspirator in all unlawful acts committed by Defendant Diligence and Defendant K. Chism.

10.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Sade Chism ("S. Chism"), an individual, and the co-owner of My Greedy Girlfriend, LLC, a Georgia limited liability company with Defendant K. Chism, may have been involved in the acts complained of herein.  However, Plaintiff does not at this time have sufficient facts to maintain a claim for relief against S. Chism. Plaintiff will amend this Complaint to add Sade Chism as a Defendant should sufficient facts be discovered to warrant same.

11.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Ollie J. Chism ("O. Chism"), an individual, may have been involved in the acts complained of herein.  However, Plaintiff does not at this time have sufficient facts to maintain a claim for relief against Ollie J. Chism. Plaintiff will amend this Complaint to add Ollie J. Chism as a Defendant should sufficient facts be discovered to warrant same.

12.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Alma Jean Chism ("A. Chism"), may have been involved in the acts

Complaint & Demand for Jury Trial

1    complained of herein.  However, Plaintiff does not at this time have sufficient facts to

2    maintain a claim for relief against Alma Jean Chism.  Plaintiff will amend this

3    Complaint to add Alma Jean Chism as a Defendant should sufficient facts be

4    discovered to warrant same.

5          13.    Plaintiff is informed and believes, and based upon such information and

6    belief alleges, that James Wiley, Jr. ("J. Wiley"), an individual, may have been

7    involved in the acts complained of herein.  However, Plaintiff does not at this time

8    have sufficient facts to maintain a claim for relief against James Wiley, Jr.  Plaintiff

9    will amend this Complaint to add James Wiley, Jr., as a Defendant should sufficient

10    facts be discovered to warrant same.

11         14.    Plaintiff is informed and believes, and based upon such information and

12    belief alleges, that My Greedy Girlfriend, LLC, a Georgia limited liability company

13    ("My Greedy Girlfriend"), may have been involved in the acts complained of herein

14    as an unindicted RICO enterprise.  However, Plaintiff does not at this time have

15    sufficient facts to maintain a claim for relief against My Greedy Girlfriend.  Plaintiff

16    will amend this Complaint to add My Greedy Girlfriend, LLC, a Georgia limited

17    liability company as a Defendant should sufficient facts be discovered to warrant same.

18         15.    Plaintiff is informed and believes, and based upon such information and

19    belief alleges that Defendants DOES 1 through 10, inclusive, are individuals, who are

20    believed to reside in Tennessee, are associated with and/or employed by Diligence, and

21    may be involved in the acts complained of herein in that they were part of the RICO

22    conspiracy described hereinbelow wherein they assisted in facilitating the conversion

23    and theft of monies rightfully belonging to Plaintiff and aided and assisted Defendants

24    in transferring, converting and stealing monies from Plaintiff. The true names and

25    identities of these unindicted co-conspirators are presently unknown to Plaintiff.

26    Plaintiff will amend its Complaint to set forth the true names of said unindicted co-

27    conspirators when same become known to it.

28         16.    As permitted by Local Rule 19-1, the true names and  capacities of

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint & Demand for Jury Trial

1  Defendants DOES 11 through 25, inclusive, whether individual, corporate, associate
2  or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by such
3  fictitious names. Plaintiff will amend its Complaint to allege said Doe Defendants' true
4  names and capacities when the same has been ascertained.

5       17.    Plaintiff is informed and believes, and upon such information and belief
6  allege, that each of the defendants named herein as DOES 11 through 25, inclusive,
7  were and are in some manner responsible for the actions, acts and omissions herein
8  alleged, and for the damage caused by the defendants, and are, therefore, jointly and
9  severally liable for the damages caused to Plaintiff.

10       18.   Plaintiff is further informed and believes, and upon such information and
11  belief alleges, that each of the defendants including DOES 11 through 25, inclusive,
12  were, at all times herein mentioned, acting in concert with, and in conspiracy with,
13  each and every one of the remaining defendants.

14       19.   At all times herein mentioned, defendants, and each of them, were an
15  owner, a co-owner, an agent, representative, partner, and/or alter ego of its
16  co-defendants, or otherwise acting on behalf of each and every remaining defendant
17  and, in doing the things hereinafter alleged, were acting within the course and scope
18  of their authorities as an owner, a co-owner, an agent, representative, partner, and/or
19  alter ego of its co-defendants, with the full knowledge, permission and consent of each
20  and every remaining defendant, each co-defendant having ratified the acts of the other
21  co-defendants.

22       20.   Wherever appearing in this Complaint, each and every reference to
23  defendants or to any of them, is intended to be and shall be a reference to all
24  defendants hereto, and to each of them, named and unnamed, including all fictitiously
25  named defendants, unless said reference is otherwise specifically qualified.

26                        **JURISDICTION AND VENUE**

27       21.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1138(a)
28  because federal questions are predicated on violations of the Racketeering Influenced

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1   and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. §§ 1961-1968. The

2   RICO claims are predicated upon violations of 18 U.S.C. §§ 1962 and 1964. The Court

3   also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as the non-federal

4   question claims arose from the same nucleus of operative facts.  Additionally, the

5   amount in controversy exceeds $75,000 and there is diversity because the Plaintiff and

6   Defendants are of different citizenship pursuant to 28 U.S.C. §1332.  This Court also

7   has personal jurisdiction over Defendants K. Chism and Parrish based upon the ultra

8   vires acts committed by them which exceeded their authority as Chief Executive

9   Officer and director and officer and director, respectively, of Defendant Diligence.

10        22.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (b)(2)

11   because Plaintiff maintains its business in this judicial district and the events or

12   omissions giving rise to the claims occurred in this judicial district, and all monies due

13   to Plaintiff from Defendants were due and payable in this judicial district.

14                 **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15        23.    Plaintiff is in the business of factoring and, prior to the commencement

16   of this action, Plaintiff purchased certain agreed upon accounts receivable from and

17   advanced monies to Defendant Diligence pursuant to a Master Services Agreement

18   ("Services Agreement") which was executed on January 24, 2023 by Defendant K.

19   Chism as the General Manager of Defendant Diligence.  A true and correct copy of

20   said Services Agreement is attached hereto and incorporated herein by reference as

21   Exhibit "1".  Said Exhibit "1" was executed and accepted by Plaintiff in the above-

22   entitled district in the County of Los Angeles, State of California.

23        24.    Pursuant to Exhibit "1" hereto, Plaintiff became the legal owner and

24   holder of all receivables purchased by it pursuant to said contract or contracts.

25        25.    Defendant Diligence provides security guards to government agencies

26   throughout the State of Tennessee, including but not limited to, Bellevue Solid Waste

27   Management, in Memphis, Tennessee, Farrisview Solid Waste Facility in Memphis,

28   Tennessee, and John S. Wilder Youth Development Center in Somerville, Tennessee.

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint & Demand for Jury Trial

26. Pursuant to the terms and conditions of Exhibit "1" hereto, Defendant Diligence shall pay Plaintiff the outstanding amount due on each such receivable within three (3) business days of receipt of each such receivable.

27. Pursuant to the terms and conditions of Exhibit "1" hereto, Plaintiff is allowed access to Defendant Diligence's bank account at Bank of America, N.A., ending in #1732 to withdraw the outstanding amounts due within three (3) business days of receipt of same from Defendant Diligence's customer(s).

28. Pursuant to the terms and conditions of Exhibits "1" hereto, Plaintiff purchased the following accounts receivable from and advanced monies to Defendant Diligence, and Plaintiff is now the legal owner and holder thereof pursuant to said contract:

| Name | Inv # | Inv Date | Inv. Due Date | Inv. Amt | Status |
|------|-------|----------|---------------|----------|--------|
| Bellevue | 2064 | 05/07/23 | 05/07/23 | $ 7,392.00 | Unpaid |
| Farrisview | 2065 | 05/07/23 | 05/07/23 | 7,392.00 | Unpaid |
| JSW Youth | 2072 | 05/07/23 | 05/07/23 | 39,972.12 | Unpaid |
| Bellevue | 2084 | 05/14/23 | 05/14/23 | 7,392.00 | Unpaid |
| Farrisview | 2085 | 05/14/23 | 05/14/23 | 7,392.00 | Unpaid |
| JSW Youth | 2093 | 05/15/23 | 05/15/23 | 38,169.96 | Unpaid |

**TOTAL OUTSTANDING AMOUNT DUE**     $ 106,810.08

A true and correct copy of each of the aforesaid invoices is attached hereto and incorporated herein by reference as Exhibits "2", "3", "4", "5", "6", and "7", respectively.

29. From January 25, 2023 through April 30, 2023, Plaintiff purchased 26 accounts receivable from Defendant Diligence and received payment on all of same, without objection, in the amount of $517,715.02, the last of which payments was received on June 8, 2023. All payments made have been credited to Defendants' account with Plaintiff, and there remains due, owing and unpaid from Defendants, and each of them, to Plaintiff, at least the sum of One Hundred Six Thousand Eight

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 Hundred Ten and 08/100 Dollars ($106,810.08) pursuant to Exhibits "2" through "7"
2 inclusive, hereto.

3      30.    Plaintiff knows, because it had access at all times hereto to Defendant
4 Diligence's bank account pursuant to Exhibit "1" hereto, and confirmed with
5 Defendant Diligence's customers, that all of the aforesaid unpaid invoices had been
6 paid by Defendant Diligence's customers, and that Defendants K. Chism and Parrish,
7 without corporate documented authority to do so, transferred all of the funds received
8 in payment of the aforesaid invoices from the Bank of America, N.A. account #1732
9 of Defendant Diligence to which Plaintiff had access to withdraw funds in payment of
10 the outstanding indebtedness due to other bank accounts (at banks in the United States)
11 of Defendants, and each of them, to which Plaintiff had no access and no power to
12 withdraw the funds.

13      31.    On or about June 5, 2023 at 3:18 p.m., Plaintiff notified Defendant
14 Diligence in an email to K. Chism, that "The auto-debits for invoices 2065, 2072 and
15 2064 are all set to withdraw on 6/7/2023 in the total amount of $53,856.12 . . ."

16      a.    Defendant K. Chism replied via email to Plaintiff on June 5, 2023
17 at 3:20 p.m., "Please push these withdrawals as well until my deposits are confirmed.
18 . .".

19      b.    Plaintiff responded via email on June 5, 2023 at 3:21 p.m., ". . . I
20 will push them to the same date, 6/8/2023."

21      c.    Defendant K. Chism replied via email on June 5, 2023 at 5:54 p.m.,
22 ". . .Next week would be better for us to ensure we have received all payments to
23 support the transactions."

24      d.    Plaintiff replied via email on June 6, 2023 at 11:58 a.m., "I have
25 changed the debit date to next week on 6/14/2023. . .".

26      e.    On June 13, 2023 at 10:06 a.m., Defendant Parrish emailed
27 Plaintiff, ". . . Our payments are still being held up by our Customers.  A lot of it has
28 to do with the fiscal year ending on June 30, 2023.  Could we please request invoices

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint & Demand for Jury Trial

1  2064 and 2065 be processed as agreed and invoice 2075 be processed on Monday 19

2  June 2023?  We are trying to not have a cash flow crisis or issue.  Sorry for the

3  inconvenience but we don't want any return payments and/or our current good standing

4  with LunchBox."  A true and correct copy of the aforesaid email chain is attached

5  hereto and incorporated herein by reference as Exhibit "8".

6        32.   On June 19, 2023 at 12:52 p.m., Defendant K. Chism emailed Plaintiff,

7  "I am sorry but the news for us os (sic) still grim.  It's the end of FY23 on 30 June 23

8  and we believe they are trying to incumbent funds for our contracts and invoices to

9  close out the yes (sic).  While we realize this isn't your concern, we have to again ask

10  for your patience and request another extension of the remaining invoices.  To be safe

11  and not continue asking on (sic) vein, we request the extension period be until after the

12  first week in July.  I am more than certain by then we will receive payment for our

13  invoices and gift lunch balance with a zero balance.  As we are aware our finances are

14  not your responsibility we are willing to offer a fair trade.  With the extension we are

15  willing to agree to an additional 5% fee for you (sic) loss."

16        a.   On June 19, 2023 at 2:43 p.m., Plaintiff responded via email to

17  Defendant K. Chism, ". . . We can extend to the end of the first week of a July for an

18  additional 5% fee. . . ."  A true and correct copy of said email chain is attached hereto

19  and incorporated herein by reference as Exhibit "9".

20        33.   On July 5, 2023 at 12:48 p.m., Plaintiff emailed Defendant K. Chism,

21  "Following up on the invoice withdrawals for invoices 2065, 2072, 2064, 2085, 2084

22  and 2093.  We are looking to set the withdrawals for Friday, 7/7/2023. . . ."

23        a.   On July 5, 2023 at 1:13 p.m., Defendant K. Chism replied, "We are

24  still waiting payments.  As we stated 30 Jun 23 was the last day of the fiscal year for

25  our clients.  We are awaiting them to get final funding for FY23 for full payment.

26  Please be patient just a little while longer while we make these adjustments."  A true

27  and correct copy of said email chain is attached hereto and incorporated herein by

28  reference as Exhibit "10".

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint & Demand for Jury Trial

34.    On July 14, 2023 at 11:12 a.m., Plaintiff emailed K. Chism, "Following up on the withdrawals for invoices 2065, 2072, 2085, 2084 and 2093. Can you provide an update on payment?"

a.    On July 14, 2023 at 11:39 a.m., K. Chism replied via email, "We are still waiting for the purchase orders fo (sic) FY 23 to be signed. At that time the funds should be released for payments. I will inform you as soon as that process is complete." A true and correct copy of said email chain is attached hereto and incorporated herein by reference as Exhibit "11".

35.    On July 17, 2023, Plaintiff emailed Defendant K. Chism "It has come to our attention that your bank account has been disconnected from the Lunch platform. Please log into the Lunch platform and reconnect your bank account." A true and correct copy of said email is attached hereto and incorporated herein by reference as Exhibit "12".

36.    On July 19, 2023, Plaintiff emailed Chynelle Coleman of Farrisview Solid Waste Facility with regard to Invoice numbers 2065 and 2085. In response thereto, Ms. Coleman replied by email on July 19, 2023 at 8:18 a.m., "Invoice #2065 was paid and cleared our bank on 5/12/23. Invoice #2085 was paid and cleared the bank on 5/21/23." A true and correct copy of said email chain is attached hereto and incorporated herein by reference as Exhibit "13".

37.    On July 19, 2023, Plaintiff confirmed with the remaining vendors, Bellevue Solid Waste Management and John S. Wilder Youth Development that all outstanding invoices to Diligence had been paid in full. A true and correct copy of the email chain confirming same is attached hereto and incorporated herein by reference as Exhibit "14".

38.    On July 20, 2023 at 9:50 a.m., Plaintiff advised Defendant K. Chism via email that "It has come to our attention that you have already been paid for receivables that Lunch Inc. has purchased from you. We can work with you on a payment plan over the next 4 weeks, including making a payment tomorrow. If we do not hear from

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  you or receive a payment by tomorrow, we will take legal action." The payment plan

2  was $30,000.00 on 7/21/2023; $30,000.00 on July 28, 2023; $30,000.00 on August 4,

3  2023 and $22,150.58 on 8/11/2023. No payment was ever received from Defendant

4  or anyone acting on Defendants' behalf.

5        a. On July 26, 2023 at 1:28 p.m., Plaintiff followed up and advised

6  Defendant K. Chism via email that "Per our conversation a few minutes ago, we would

7  like to discuss the outstanding payments due to Lunch. Before hanging up on me, you

8  mentioned that you'd call me back. If you want to discuss the payment plan, you have

9  my number. . . ." A true and correct copy of said email chain is attached hereto and

10  incorporated herein by reference as Exhibit "15".

11      39. To date, no further response has been received by Plaintiff from

12  Defendant Diligence or anyone acting on Defendant Diligence's behalf, and no further

13  payments have been received.

14      40. Plaintiff is informed and believes, and based upon such information and

15  belief alleges, that Defendants K. Chism and Parrish, without documented corporate

16  authority to do so, received all of the foregoing payments and thereafter, without

17  documented corporate authority to do so, removed said monies from Defendant

18  Diligence's Bank of America, N.A. account #1732 so that Plaintiff could not access

19  said funds and transferred same to other bank accounts (in banks located in the United

20  States) under the sole custody and control of Defendants, and each of them.

21      41. Plaintiff further alleges that all of the aforesaid invoices have been paid

22  to Defendant Diligence by its customers, and that all of said payments have been

23  diverted by Defendants K. Chism and Parrish, without documented corporate authority

24  to do so, to other accounts at a bank or banks in the United States, including their own

25  banks and those of other unindicted individuals, all to Plaintiff's damage in at least the

26  sum of One Hundred Six Thousand Eight Hundred Ten and 08/100 Dollars

27  ($106,810.08).

28      42. Plaintiff is also entitled to interest on the unpaid outstanding amount due

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint & Demand for Jury Trial

1 at the lawful rate of 10% per annum from and after the due dates set forth on Exhibits
2 "2" through "7" inclusive, hereto.

3     43.    Plaintiff is also entitled to an additional 5% fee for granting Defendants
4 the extensions of time set forth hereinabove in the amount of $5,340.50.

5     44.    Pursuant to Paragraph 10(j) of Exhibit "1" hereto, Customer (Defendant
6 Diligence) agrees to pay any legal expenses incurred by Lunch in the event Customer
7 and End-Customer fails to pay Lunch for Receivables in accordance with the terms of
8 this Agreement. . . . These expenses shall include, but are not limited to, attorney's fees
9 and court costs. If Lunch engages legal counsel to collect payment on any Receivables,
10 Customer shall be responsible for reimbursing Lunch for all legal fees and costs in
11 connection with such collection efforts. . . ."

12     45.    No further sums whatsoever have been paid to Plaintiff to date by
13 Defendants or anyone acting on Defendants' behalf.

**ALLEGATIONS RE DEFENDANTS' FRAUD**

15     46.    Plaintiff is informed and believes and based upon such information and
16 belief alleges that the entire transaction between Plaintiff and Defendants, and each of
17 them, was an elaborate fraudulent suppression of facts regarding the scheme concocted
18 by Defendants, and each of them, to lull Plaintiff into a false sense of security that
19 Defendant Diligence was a legitimate company engaged in business and that it would
20 pay to Plaintiff all monies advanced against invoices pursuant to Exhibit "1" hereto in
21 a timely manner, as it did with the initial twenty-six (26) invoices.

22     47.    The true facts were as follows:

23     a.    Defendants K. Chism and Parrish knew at the time that Defendant
24 K. Chism entered into Exhibit "1" that Defendants had no intention of adhering to the
25 terms of Exhibit "1" hereto but rather paid the first twenty-six (26) transactions in
26 order to lull and induce Plaintiff into a false sense of security that Defendants would
27 in fact pay all sums advanced and to be advanced when due;

28     b.    Defendants K. Chism and Parrish never intended to pay the amounts

Complaint & Demand for Jury Trial

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  due pursuant to Exhibits "1" through "7" hereto;

2          c.      Defendants K. Chism and Parrish always intended to and purposely
3  did convert the funds advanced by Plaintiff to Defendant Diligence to their own use
4  and benefit; and

5          d.      Defendants K. Chism and Pararish always intended to and
6  purposely did convert the monies paid by Defendants' customers on the factored
7  invoices to their own use and benefit which Defendants did when they misappropriated
8  funds from Defendants' customers instead of leaving same in Defendant Diligence's
9  Bank of America, N.A. account #1732 and when they diverted payments made by
10  Defendants' customers to bank accounts in the United States to which Plaintiff had no
11  access.  Plaintiff's reliance on Defendants' false representations was reasonable
12  because of the payment of the first twenty-six (26) installments.

13          48.     Plaintiff is informed and believes, and based upon such information and
14  belief alleges, that Defendants did all of the aforesaid acts in order to suppress their
15  actual intent and scheme as set forth above, which Plaintiff believes Defendants have
16  perpetrated on other unsuspecting institutions such as Plaintiff in the past and will
17  continue to do so in the future.

18                      **FIRST CLAIM FOR RELIEF**

19                      **(Breach of Written Contract)**

20          AS AND FOR A FIRST CLAIM FOR RELIEF FOR BREACH OF WRITTEN
21  CONTRACT AGAINST DEFENDANTS DILIGENCE, K. CHISM, PARRISH AND
22  DOES 11 THROUGH 25, INCLUSIVE, PLAINTIFF ALLEGES:

23          49.     Plaintiff realleges and incorporates herein by reference Paragraphs 1
24  through 46, inclusive, of Plaintiff's Complaint with the same force and effect as though
25  set forth in full herein.

26          50.     There existed a written contract between Plaintiff and Defendants, and
27  each of them, the terms of which are set forth at Paragraphs 24 through 46, above and
28  in Exhibit "1".

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

51. Plaintiff has performed all terms, conditions and covenants required by it under the written contract described hereinabove.

52. Defendants have failed to perform the various material covenants, terms and conditions required of them under the written contract as set forth hereinabove. Thus, Defendants are in material breach of the written contract between the parties.

53. As a result of Defendants' breach of the terms and conditions of the written agreement and invoices between Plaintiff and Defendants, and each of them, Plaintiff has been damaged in at least the sum of One Hundred Six Thousand Eight Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of trial together with interest thereon at the lawful rate of 10% per annum from and after the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through "7", inclusive plus the 5% additional fee agreed upon between the parties for the additional extensions of time to pay granted by Plaintiff to Defendants in the sum of $5,340.50.

54. Plaintiff has employed RONALD P. SLATES, A PROFESSIONAL CORPORATION, a duly licensed and registered professional corporation by the State Bar of California, to file and prosecute this action and has been obligated to pay said law corporation a fee for the services rendered by it to Plaintiff at the rate of Managing Attorney Ronald P. Slates at $695.00 per hour, $595.00 per hour for legal services rendered by Senior Attorneys "Of Counsel", Konrad L. Trope, Daren Schlecter and Gerald Zack, $550.00 per hour for services rendered by Associate Attorneys, $495.00 per hour for services rendered by Senior Legal Assistant, $395.00 per hour for services rendered by Senior Paralegal and $395.00 per hour for services rendered by In-House Investigator/Registered Process Server Carl Knapp. Therefore, pursuant to Paragraph 10(j) of Exhibit "1" hereto, and as provided by California law, Plaintiff seeks attorney's fees and costs herein in at least the sum of Fifty Thousand and 00/100 Dollars ($50,000.000) or according to proof at the time of trial.

/ / /

Complaint & Demand for Jury Trial

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

## SECOND CLAIM FOR RELIEF

### (Breach of Oral Contract)

AS AND FOR A SECOND CLAIM FOR RELIEF FOR BREACH OF ORAL CONTRACT AGAINST DEFENDANTS DILIGENCE, K. CHISM, PARRISH AND DOES 11 THROUGH 25, INCLUSIVE, PLAINTIFF ALLEGES:

55.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 46, inclusive, of Plaintiff's Complaint with the same force and effect as though set forth in full herein.

56.   There existed an oral contract between Plaintiff and Defendants, and each of them, the terms of which are set forth at Paragraphs 24 through 46, above and are memorialized in Exhibit "1" hereto.

57.   Plaintiff has performed all terms, conditions and covenants required by it under the oral contract described hereinabove and as memorialized in Exhibit "1" hereto.

58.   Defendants have failed to perform the various material covenants, terms and conditions required of them as set forth hereinabove pursuant to the oral contracts (which are memorialized in Exhibit "1" hereto).  Thus, Defendants are in material breach of the oral contract between the parties.

59.   As a result of Defendants' breach of the terms and conditions of the oral agreement and invoices between Plaintiff and Defendants, and each of them, Plaintiff has been damaged in at least the sum of One Hundred Six Thousand Eight Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of trial together with interest thereon at the lawful rate of 10% per annum from and after the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through "7", inclusive plus the 5% additional fee agreed upon between the parties for the additional extensions of time to pay granted by Plaintiff to Defendants in the sum of $5,340.50.

60.   Plaintiff has employed RONALD P. SLATES, A PROFESSIONAL CORPORATION, a duly licensed and registered professional corporation by the State

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 Bar of California, to file and prosecute this action and has been obligated to pay said

2 law corporation a fee for the services rendered by it to Plaintiff at the rate of Managing

3 Attorney Ronald P. Slates at $695.00 per hour, $595.00 per hour for legal services

4 rendered by Senior Attorneys "Of Counsel", Konrad L. Trope, Daren Schlecter and

5 Gerald Zack, $550.00 per hour for services rendered by Associate Attorneys, $495.00

6 per hour for services rendered by Senior Legal Assistant, $395.00 per hour for services

7 rendered by Senior Paralegal and $395.00 per hour for services rendered by In-House

8 Investigator/Registered Process Server Carl Knapp.  Therefore, pursuant to Paragraph

9 10(j) of Exhibit "1" hereto, and as provided by California law, Plaintiff seeks attorney's

10 fees and costs herein in at least the sum of Fifty Thousand and 00/100 Dollars

11 ($50,000.000) or according to proof at the time of trial.

### THIRD CLAIM FOR RELIEF

### (Violations of the Racketeering Influence and Corrupt Organizations Act

### ("RICO")) (Wire Fraud)

15 AS AND FOR A THIRD CLAIM FOR RELIEF FOR VIOLATIONS OF THE

16 RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACT

17 ("RICO") (WIRE FRAUD) AGAINST DEFENDANTS K. CHISM, PARRISH AND

18 DOES 1 THROUGH 10, INCLUSIVE, PLAINTIFF ALLEGES:

19 61.     Plaintiff realleges and incorporates herein by reference Paragraphs 1

20 through 48, inclusive, Paragraphs 50 through 54, inclusive, and Paragraphs 56 through

21 60, inclusive, of its Complaint with the same force and effect as though set forth in full.

22 62.     The relevant time period for Defendant K. Chism's and Parrish's pattern

23 of racketeering stems from at least September 14, 2017 through the present, and

24 possibly earlier, but at this point in discovery is as yet unknown and continues to the

25 filing of this RICO Complaint.

26 63.     Defendant K. Chism is now and was at all times relevant to this action

27 a RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and

28 1962(c).

1   64.     Defendant Parrish is now and was at all times relevant to this action a
2   RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and
3   1962(c).

4   **The RICO Enterprise**

5   65.     The RICO Persons have used the corporate entity, Diligence, within the
6   meaning of 18 U.S.C. §§ 1961(4), to carry out the pattern of racketeering activity. This
7   enterprise consists of the RICO enterprise(Diligence) operated by the RICO persons,
8   Defendants K. Chism, Parrish and Does 1 through 10 hereto (the "Rico Family"). This
9   RICO enterprise possessed and continues to possess a common purpose and goal, a
10  membership, organizational structure, and an ongoing relationship amongst the RICO
11  Persons, the RICO enterprise (which was formed by Defendant K. Chism on or about
12  September 14, 2017) and the Rico Family with sufficient longevity to permit and
13  enable pursuit of the enterprise's purpose and long term objective through a continuous
14  course of conduct that affected and continues to affect interstate commerce.

15  66.     This association-in-fact enterprise of Defendants also consists of non-
16  Defendants S. Chism, O. Chism, A. Chism and J. Wiley (the "Rico Family and
17  Friends"). Plaintiff is informed and believes, and based upon such information and
18  belief alleges, that all of the afore-named individuals facilitated and assisted the RICO
19  Persons defined hereinabove, in carrying out the enterprise described hereinabove and
20  hereinbelow but Plaintiff does not at this time have sufficient facts to maintain a claim
21  for relief against said individuals. Plaintiff will amend its Complaint to set forth their
22  true names when same have been ascertained.

23  67.     Diligence is an enterprise that exists separate and apart from Defendants
24  K. Chism's and Parrish's pattern of racketeering activity inasmuch as the RICO
25  Persons, the RICO enterprise, the Rico Family and the Rico Family and Friends have
26  multiple goals, not all of which are fraudulent or illegal. The lawful activity engaged
27  in by the Diligence enterprise includes functioning as a regular business which
28  provides security guards to the clients of Diligence which consists of

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Page 17

1  public/government entities throughout the State of Tennessee. However, The RICO
2  Persons, the RICO business, the Rico Family and the Rico Family and Friends have,
3  since at least May of 2023, used this enterprise to conduct the repetitive acts of wire
4  fraud which compromise the pattern of racketeering, as well as the continuous acts set
5  forth hereinabove, which constitute violations of the criminal acts of wire fraud.

6      68.    Defendant K. Chism is a "person" under the civil RICO statute because
7  he knowingly and fraudulently masterminded, conducted and participated in the
8  conduct, the management and the operation of the enterprise's affairs, directly or
9  indirectly, through a pattern of wire fraud racketeering activity in violation of 18
10  U.S.C. § 1962(c).

11      69.    As part of the wire fraud scheme, Defendants Parrish and DOES 1
12  through 10, inclusive, at the direction of Defendant K. Chism, used a complex scheme
13  to transfer funds which rightfully belonged to Plaintiff pursuant to the terms and
14  conditions of Exhibit "1" hereto to banks, other than Bank of America, N.A. account
15  #1732 where the funds from 3rd party vendors were to be deposited pursuant to said
16  written agreement, in Tennessee and elsewhere in the United States.

17      70.    At all relevant times, the Defendants and other conspirators associated
18  with the Diligence enterprise conducted and participated, directly or indirectly, in the
19  conduct of the enterprise affairs through a "pattern of racketeering activity" within the
20  meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.S.C. § 1962(e).

21      71.    Specifically, at all relevant times, Defendants K. Chism, Parrish and
22  Does 1 through 10, inclusive, engaged in "racketeering activity" within the meaning
23  of 18 U.S.C. § 1961(1) by engaging in the acts set forth above against Plaintiff, and
24  other financial institutions in the marketplace all with the express purpose of avoiding
25  payment of the outstanding amounts due to Plaintiff.

26      72.    In furtherance of this racketeering pattern, since May of 2023,
27  Defendants caused monies to be transferred into bank accounts to which Plaintiff did
28  not have access and thereafter converted said funds to their own use and benefit.

*Ronald P. Slates, A Professional Corporation*
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

73.     In addition, Defendants, as part of their racketeering activity also took the funds illegally taken out of the Bank of America, N.A. account #1732 to which Plaintiff had access and deposited those funds into accounts at Banks in the United States to which Plaintiff did not have access, and said funds were also used to pay the personal and/or business expenses of Defendants K. Chism, Parrish and Does 1 through 10, inclusive.

74.     Thus, the acts set forth above constitute a violation of one or more of the following statutes:18 U.S.C. § 1956 and § 1957 (wire fraud, money laundering and theft/conversion).   Defendants and their accomplices and co-conspirators each committed and/or aided and abetted in the commission of two or more of these acts of racketeering activities.

75.     The acts by the RICO Persons in furtherance of their wire fraud scheme to launder funds and convert same to their own use to avoid payment of the outstanding amounts due to Plaintiff constituted a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) because the predicate acts are repetitive, related and continuous.   Each predicate act described hereinabove had the same or similar purpose: the predicate acts involved material misrepresentations, omissions and concealment in a scheme to injure Plaintiff and defraud Plaintiff of the monies rightfully due to it pursuant to the terms and conditions of Exhibit "1" hereto. This pattern of racketeering is separate and distinct from the legitimate business activities of Diligence.

76.     Defendants and other disparagers committed acts in violation of 18 U.S.C. §1956(a)(1) in which Defendants conducted a financial transaction, namely, the transference of funds out of bank accounts to which Plaintiff had agreed upon access with the specific intent of designing or concealing or disguising the nature, location, source, ownership or control of the proceeds. See 18 U.S.C. § 1956(a)(1)(B)(i).

77.     In addition, Plaintiff is informed and believes and thereon alleges that the multiple transactions were undertaken by the Defendants with the knowledge that

the transaction was designed to avoid the transaction reporting requirements under Federal statutes [e.g., in violation of 31 U.S.C. §§5313 (currency transaction reports), 5316 (Currency and Monetary Instruments Reports), or 26 U.S.C. §6050I (Internal Revenue Service Form 8300)].

78.     Defendants, indeed, have, through their misconduct described hereinabove violated 18 U.S.C. §1957, because these Defendants, or at the very least Defendants K. Chism and Parrish, conducted multiple monetary transactions that were criminal by nature because the funds were illegally taken out of bank accounts to which Plaintiff had access pursuant to the terms and conditions of Exhibit "1" hereto and turned into cash and/or placed in bank accounts over which Plaintiff had no access, and that such property was in an amount greater than $10,000. See U.S.C. §1957(f)(1). These transactions included deposits, withdrawals, transfers, or exchanges, in or effecting interstate commerce, of funds or monetary instruments that by, or through, to a financial institution, including any transaction that would be defined as a transaction under 18 U.S.C. §§1956(c)(3) and 1956(c)(4).

79.     Furthermore, each one of these financial transactions constitutes a separate act unless there is a pattern of illegal conduct that qualifies for invocation of the RICO statute.  See, *e.g.*, *United States v. Prescott*, 42 Cap.F.3d 1165 (8th Cir. 1994); *United States v. Conley*, 826 F.Supp. 1536 (W.D.Pa. 1998).

80.     There is extra territorial jurisdiction for these violations as the transactions in question not only exceed $10,000, but also that the wire fraud was conducted by a United States citizen and the conduct occurred in the United States. See 18 U.S.C. §§1956(f), 1957(d).

81.     The acts of racketeering activity previously described constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1951(5).

82.     The acts alleged were related to each other by virtue of common participants, common victims and a common result of fraud and enriching the Defendants and conspirators at Plaintiff's expense while concealing the conspirators'

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  fraudulent activities.  The wire fraud scheme continues and would have remained
2  unknown but for Plaintiff having discovered the fraudulent activities when it attempted
3  to debit the Bank of America, N.A. account #1732 of Diligence and there were no
4  funds present therein after Plaintiff had confirmed that Diligence's 3rd party vendors
5  had in fact paid all outstanding amounts due to Diligence.

6      83.    To date, Plaintiff has been damaged in at least the sum of One Hundred
7  Six Thousand Eight Hundred Ten and 08/100 Dollars ($106,810.08) or according to
8  proof at the time of trial together with interest thereon at the lawful rate of 10% per
9  annum from and after the "Payment Date" set forth on each invoice attached hereto as
10  Exhibits "2" through "7", inclusive plus the 5% additional fee agreed upon between the
11  parties for the additional extensions of time to pay granted by Plaintiff to Defendants
12  in the sum of $5,340.50 plus attorneys' fees.

13      84.    Pursuant to RICO, 18 U.S.C. § 1964(c), Plaintiff is entitled to recover
14  three-fold its damages, plus costs and attorneys' fees from the Defendants.

### FOURTH CLAIM FOR RELIEF

### (Violations of the Racketeering Influence and Corrupt Organizations Act ("RICO")) (Money Laundering)

18      AS AND FOR A FOURTH CLAIM FOR RELIEF FOR VIOLATIONS OF THE
19  RACKETEERING  INFLUENCE  AND  CORRUPT  ORGANIZATIONS  ACT
20  ("RICO") (MONEY LAUNDERING) AGAINST DEFENDANTS K. CHISM,
21  PARRISH AND DOES 1 THROUGH 10, INCLUSIVE, PLAINTIFF ALLEGES:

22      85.    Plaintiff realleges and incorporates herein by reference Paragraphs 1
23  through 48, inclusive, Paragraphs 50 through 54, inclusive, and Paragraphs 56 through
24  60, inclusive, of its Complaint with the same force and effect as though set forth in full.

25      86.    The relevant time period for Defendant K. Chism's and Parrish's pattern
26  of racketeering stems from at least September 14, 2017 through the present, and
27  possibly earlier, but at this point in discovery is as yet unknown and continues to the
28  filing of this RICO Complaint.

Complaint & Demand for Jury Trial

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

87.     Defendant K. Chism is now and was at all times relevant to this action a RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

88.     Defendant Parrish is now and was at all times relevant to this action a RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

**The RICO Enterprise**

89.     The RICO Persons have used the corporate entity, Diligence, within the meaning of 18 U.S.C. §§ 1961(4), to carry out the pattern of racketeering activity. This enterprise consists of the RICO enterprise (Diligence) operated by the RICO persons, Defendants K. Chism, Parrish and Does 1 through 10 hereto (the "Rico Family"). This RICO enterprise possessed and continues to possess a common purpose and goal, a membership, organizational structure, and an ongoing relationship amongst the RICO Persons, the RICO enterprise (which was formed by Defendant K. Chism on or about September 14, 2017) and the Rico Family with sufficient longevity to permit and enable pursuit of the enterprise's purpose and long term objective through a continuous course of conduct that affected and continues to affect interstate commerce.

90.     This association-in-fact enterprise of Defendants also consists of non-Defendants S. Chism, O. Chism, A. Chism and J. Wiley (the "Rico Family and Friends"). Plaintiff is informed and believes, and based upon such information and belief alleges, that all of the afore-named individuals facilitated and assisted the RICO Persons defined hereinabove, in carrying out the enterprise described hereinabove and hereinbelow but Plaintiff does not at this time have sufficient facts to maintain a claim for relief against said individuals. Plaintiff will amend its Complaint to set forth their true names when same have been ascertained.

91.     Diligence is an enterprise that exists separate and apart from Defendants K. Chism's and Parrish's pattern of racketeering activity inasmuch as the RICO Persons, the RICO Business, the Rico Family and the Rico Family and Friends have

Page 22

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1   multiple goals, not all of which are fraudulent or illegal. The lawful activity engaged
2   in by the Diligence enterprise includes functioning as a regular business which
3   provides security guards to the clients of Diligence which consists of
4   public/government entities throughout the State of Tennessee. However, The RICO
5   Persons, the RICO business, the Rico Family and the Rico Family and Friends have,
6   since at least May of 2023, used this enterprise to conduct the repetitive acts of money
7   laundering which compromise the pattern of racketeering, as well as the continuous
8   acts set forth hereinabove, which constitute violations of the criminal acts of money
9   laundering.

10          92.    Defendant K. Chism is a "person" under the civil RICO statute because
11   he knowingly and fraudulently masterminded, conducted and participated in the
12   conduct, the management and the operation of the enterprise's affairs, directly or
13   indirectly, through a pattern of money laundering racketeering activity in violation of
14   18 U.S.C. § 1962(c).

15          93.    As part of the money laundering scheme, Defendants Parrish and DOES
16   1 through 10, inclusive, at the direction of Defendant K. Chism, used a complex
17   scheme to transfer funds which rightfully belonged to Plaintiff pursuant to the terms
18   and conditions of Exhibit "1" hereto to banks, other than Bank of America, N.A.
19   account #1732 where the funds from 3rd party vendors were to be deposited pursuant
20   to said written agreement, in Tennessee and elsewhere in the United States.

21          94.    At all relevant times, the Defendants and other conspirators associated
22   with the Diligence enterprise conducted and participated, directly or indirectly, in the
23   conduct of the enterprise affairs through a "pattern of racketeering activity" within the
24   meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.S.C. § 1962(e).

25          95.    Specifically, at all relevant times, Defendants K. Chism, Parrish and
26   Does 1 through 10, inclusive, engaged in "racketeering activity" within the meaning
27   of 18 U.S.C. § 1961(1) by engaging in the acts set forth above against Plaintiff, and
28   other financial institutions in the marketplace all with the express purpose of avoiding

Complaint & Demand for Jury Trial

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  payment of the outstanding amounts due to Plaintiff.

2  96.  In furtherance of this racketeering pattern, since May of 2023,
3  Defendants caused monies to be transferred into bank accounts to which Plaintiff did
4  not have access and thereafter converted said funds to their own use and benefit.

5  97.  In addition, Defendants, as part of their racketeering activity also took
6  the funds illegally taken out of the Bank of America, N.A. account #1732 to which
7  Plaintiff had access and deposited those funds into accounts at Banks in the United
8  States to which Plaintiff did not have access, and said funds were also used to pay the
9  personal and/or business expenses of Defendants K. Chism, Parrish and Does 1
10  through 10, inclusive.

11  98.  Thus, the acts set forth above constitute a violation of one or more of the
12  following statutes:18 U.S.C. § 1956 and § 1957 (wire fraud, money laundering and
13  theft/conversion).  Defendants and their accomplices and co-conspirators each
14  committed and/or aided and abetted in the commission of two or more of these acts of
15  racketeering activities.

16  99.  The acts by the RICO Persons in furtherance of their money laundering
17  scheme to launder funds and convert same to their own use to avoid payment of the
18  outstanding amounts due to Plaintiff constituted a pattern of racketeering activity
19  within the meaning of 18 U.S.C. § 1961(5) because the predicate acts are repetitive,
20  related and continuous.  Each predicate act described hereinabove had the same or
21  similar purpose: the predicate acts involved material misrepresentations, omissions and
22  concealment in a scheme to injure Plaintiff and defraud Plaintiff of the monies
23  rightfully due to it pursuant to the terms and conditions of Exhibit "1" hereto. This
24  pattern of racketeering is separate and distinct from the legitimate business activities
25  of Diligence.

26  100.  Defendants and other disparagers committed acts in violation of 18
27  U.S.C. §1956(a)(1) in which Defendants conducted a financial transaction, namely, the
28  transferance of funds out of bank accounts to which Plaintiff had agreed upon access

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  with the specific intent of designing or concealing or disguising the nature, location,

2  source, ownership or control of the proceeds.  See 18 U.S.C. § 1956(a)(1)(B)(i).

3      101.    In addition, Plaintiff is informed and believes and thereon alleges that

4  the multiple transactions were undertaken by the Defendants with the knowledge that

5  the transaction was designed to avoid the transaction reporting requirements under

6  Federal statutes [e.g., in violation of 31 U.S.C. §§5313 (currency transaction reports),

7  5316 (Currency and Monetary Instruments Reports), or 26 U.S.C. §6050I (Internal

8  Revenue Service Form 8300)].

9      102.    Defendants, indeed, have, through their misconduct described

10  hereinabove violated 18 U.S.C. §1957, because these Defendants, or at the very least

11  Defendants K. Chism and Parrish, conducted multiple monetary transactions that were

12  criminal by nature because the funds were illegally taken out of bank accounts to

13  which Plaintiff had access pursuant to the terms and conditions of Exhibit "1" hereto

14  and turned into cash and/or placed in bank accounts over which Plaintiff had no access,

15  and that such property was in an amount greater than $10,000. See U.S.C. §1957(f)(1).

16  These transactions included deposits, withdrawals, transfers, or exchanges, in or

17  effecting interstate commerce, of funds or monetary instruments that by, or through,

18  to a financial institution, including any transaction that would be defined as a

19  transaction under 18 U.S.C. §§1956(c)(3) and 1956(c)(4).

20      103.    Furthermore, each one of these financial transactions constitutes a

21  separate act unless there is a pattern of illegal conduct that qualifies for invocation of

22  the RICO statute.  See, *e.g.*, *United States v. Prescott*, 42 Cap.F.3d 1165 (8th Cir.

23  1994); *United States v. Conley*, 826 F.Supp. 1536 (W.D.Pa. 1998).

24      104.    There is extra territorial jurisdiction for these violations as the

25  transactions in question not only exceed $10,000, but also that the money laundering

26  was conducted by a United States citizen and the conduct occurred in the United

27  States. See 18 U.S.C. §§1956(f), 1957(d).

28      105.    The acts of racketeering activity previously described constitute a

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1   "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1951(5).

2   106.   The acts alleged were related to each other by virtue of common

3   participants, common victims and a common result of fraud and enriching the

4   Defendants and conspirators at Plaintiff's expense while concealing the conspirators'

5   fraudulent activities.   The money laundering scheme continues and would have

6   remained unknown but for Plaintiff having discovered the fraudulent activities when

7   it attempted to debit the Bank of America, N.A. account #1732 of Diligence and there

8   were no funds present therein after Plaintiff had confirmed that Diligence's 3rd party

9   vendors had in fact paid all outstanding amounts due to Diligence.

10   107.   To date, Plaintiff has been damaged in at least the sum of One Hundred

11   Six Thousand Eight Hundred Ten and 08/100 Dollars ($106,810.08) or according to

12   proof at the time of trial together with interest thereon at the lawful rate of 10% per

13   annum from and after the "Payment Date" set forth on each invoice attached hereto as

14   Exhibits "2" through "7", inclusive plus the 5% additional fee agreed upon between the

15   parties for the additional extensions of time to pay granted by Plaintiff to Defendants

16   in the sum of $5,340.50 plus attorneys' fees.

17   108.   Pursuant to RICO, 18 U.S.C. § 1964(c), Plaintiff is entitled to recover

18   three-fold its damages, plus costs and attorneys' fees from the Defendants.

19   **FIFTH CLAIM FOR RELIEF**

20   **(Violations of the Racketeering Influence and Corrupt Organizations Act**

21   **("RICO")) (Theft/Conversion)**

22   AS AND FOR A FIFTH CLAIM FOR RELIEF FOR VIOLATIONS OF THE

23   RACKETEERING   INFLUENCE   AND   CORRUPT   ORGANIZATIONS   ACT

24   ("RICO")   (THEFT/CONVERSION)   AGAINST   DEFENDANTS   K.   CHISM,

25   PARRISH AND DOES 1 THROUGH 10, INCLUSIVE, PLAINTIFF ALLEGES:

26   109.   Plaintiff realleges and incorporates herein by reference Paragraphs 1

27   through 48, inclusive, Paragraphs 50 through 54, inclusive, and Paragraphs 56 through

28   60, inclusive, of its Complaint with the same force and effect as though set forth in full.

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint & Demand for Jury Trial

110.    The relevant time period for Defendant K. Chism's and Parrish's pattern of racketeering stems from at least September 14, 2017 through the present, and possibly earlier, but at this point in discovery is as yet unknown and continues to the filing of this RICO Complaint.

111.    Defendant K. Chism is now and was at all times relevant to this action a RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

112.    Defendant Parrish is now and was at all times relevant to this action a RICO Person ("RICO Person") within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c).

**The RICO Enterprise**

113.    The RICO Persons have used the corporate entity, Diligence, within the meaning of 18 U.S.C. §§ 1961(4), to carry out the pattern of racketeering activity. This enterprise consists of the RICO enterprise (Diligence) operated by the RICO persons, Defendants K. Chism, Parrish and Does 1 through 10 hereto (the "Rico Family"). This RICO enterprise possessed and continues to possess a common purpose and goal, a membership, organizational structure, and an ongoing relationship amongst the RICO Persons, the RICO business (which was formed by Defendant K. Chism on or about September 14, 2017) and the Rico Family with sufficient longevity to permit and enable pursuit of the enterprise's purpose and long term objective through a continuous course of conduct that affected and continues to affect interstate commerce.

114.    This association-in-fact enterprise of Defendants also consists of non-Defendants S. Chism, O. Chism, A. Chism and J. Wiley (the "Rico Family and Friends"). Plaintiff is informed and believes, and based upon such information and belief alleges, that all of the afore-named individuals facilitated and assisted the RICO Persons defined hereinabove, in carrying out the enterprise described hereinabove and hereinbelow but Plaintiff does not at this time have sufficient facts to maintain a claim for relief against said individuals. Plaintiff will amend its Complaint to set forth their

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  true names when same have been ascertained.

2       115.    Diligence is an enterprise that exists separate and apart from Defendants
3  K. Chism's and Parrish's pattern of racketeering activity inasmuch as the RICO
4  Persons, the RICO enterprise, the Rico Family and the Rico Family and Friends have
5  multiple goals, not all of which are fraudulent or illegal.  The lawful activity engaged
6  in by the Diligence enterprise includes functioning as a regular business which
7  provides  security  guards  to  the  clients  of  Diligence  which  consists  of
8  public/government entities throughout the State of Tennessee. However, The RICO
9  Persons, the RICO enterprise, the Rico Family and the Rico Family and Friends have,
10  since at least May of 2023, used this enterprise to conduct the repetitive acts of
11  theft/conversion  which  compromise  the  pattern  of  racketeering,  as  well  as  the
12  continuous acts set forth hereinabove, which constitute violations of the criminal acts
13  of theft/conversion.

14       116.    Defendant K. Chism is a "person" under the civil RICO statute because
15  he knowingly and fraudulently masterminded, conducted and participated in the
16  conduct, the management and the operation of the enterprise's affairs, directly or
17  indirectly, through a pattern of theft/conversion racketeering activity in violation of 18
18  U.S.C. § 1962(c).

19       117.    As part of the theft/conversion scheme, Defendants Parrish and DOES
20  1 through 10, inclusive, at the direction of Defendant K. Chism, used a complex
21  scheme to transfer funds which rightfully belonged to Plaintiff pursuant to the terms
22  and conditions of Exhibit "1" hereto to banks, other than Bank of America, N.A.
23  account #1732 where the funds from 3rd party vendors were to be deposited pursuant
24  to said written agreement, in Tennessee and elsewhere in the United States.

25       118.    At all relevant times, the Defendants and other conspirators associated
26  with the Diligence enterprise conducted and participated, directly or indirectly, in the
27  conduct of the enterprise affairs through a "pattern of racketeering activity" within the
28  meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.S.C. § 1962(e).

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

119.    Specifically, at all relevant times, Defendants K. Chism, Parrish and Does 1 through 10, inclusive, engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1) by engaging in the acts set forth above against Plaintiff, and other financial institutions in the marketplace all with the express purpose of avoiding payment of the outstanding amounts due to Plaintiff.

120.    In furtherance of this racketeering pattern, since May of 2023, Defendants caused monies to be transferred into bank accounts to which Plaintiff did not have access and thereafter converted said funds to their own use and benefit.

121.    In addition, Defendants, as part of their racketeering activity also took the funds illegally taken out of the Bank of America, N.A. account #1732 to which Plaintiff had access and deposited those funds into accounts at Banks in the United States to which Plaintiff did not have access, and said funds were also used to pay the personal and/or business expenses of Defendants K. Chism, Parrish and Does 1 through 10, inclusive.

122.    Thus, the acts set forth above constitute a violation of one or more of the following statutes:18 U.S.C. § 1956 and § 1957 (wire fraud, money laundering and theft/conversion).    Defendants and their accomplices and co-conspirators each committed and/or aided and abetted in the commission of two or more of these acts of racketeering activities.

123.    The acts by the RICO Persons in furtherance of their theft/conversion scheme to launder funds and convert same to their own use to avoid payment of the outstanding amounts due to Plaintiff constituted a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) because the predicate acts are repetitive, related and continuous.  Each predicate act described hereinabove had the same or similar purpose: the predicate acts involved material misrepresentations, omissions and concealment in a scheme to injure Plaintiff and defraud Plaintiff of the monies rightfully due to it pursuant to the terms and conditions of Exhibit "1" hereto. This pattern of racketeering is separate and distinct from the legitimate business activities

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  of Diligence.

2  124.    Defendants and other disparagers committed acts in violation of 18
3  U.S.C. §1956(a)(1) in which Defendants conducted a financial transaction, namely, the
4  transferance of funds out of bank accounts to which Plaintiff had agreed upon access
5  with the specific intent of designing or concealing or disguising the nature, location,
6  source, ownership or control of the proceeds. See 18 U.S.C. § 1956(a)(1)(B)(i).

7  125.    In addition, Plaintiff is informed and believes and thereon alleges that
8  the multiple transactions were undertaken by the Defendants with the knowledge that
9  the transaction was designed to avoid the transaction reporting requirements under
10  Federal statutes [e.g., in violation of 31 U.S.C. §§5313 (currency transaction reports),
11  5316 (Currency and Monetary Instruments Reports), or 26 U.S.C. §6050I (Internal
12  Revenue Service Form 8300)].

13  126.    Defendants, indeed, have, through their misconduct described
14  hereinabove violated 18 U.S.C. §1957, because these Defendants, or at the very least
15  Defendants K. Chism and Parrish, conducted multiple monetary transactions that were
16  criminal by nature because the funds were illegally taken out of bank accounts to
17  which Plaintiff had access pursuant to the terms and conditions of Exhibit "1" hereto
18  and turned into cash and/or placed in bank accounts over which Plaintiff had no access,
19  and that such property was in an amount greater than $10,000. See U.S.C. §1957(f)(1).
20  These transactions included deposits, withdrawals, transfers, or exchanges, in or
21  effecting interstate commerce, of funds or monetary instruments that by, or through,
22  to a financial institution, including any transaction that would be defined as a
23  transaction under 18 U.S.C. §§1956(c)(3) and 1956(c)(4).

24  127.    Furthermore, each one of these financial transactions constitutes a
25  separate act unless there is a pattern of illegal conduct that qualifies for invocation of
26  the RICO statute.   See, *e.g.*, *United States v. Prescott*, 42 Cap.F.3d 1165 (8th Cir.
27  1994); *United States v. Conley*, 826 F.Supp. 1536 (W.D.Pa. 1998).

28  128.    There is extra territorial jurisdiction for these violations as the

Ronald P. States, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint & Demand for Jury Trial

1    transactions in question not only exceed $10,000, but also that the theft/conversion was
2    conducted by a United States citizen and the conduct occurred in the United States.
3    See 18 U.S.C. §§1956(f), 1957(d).

4       129.    The acts of racketeering activity previously described constitute a
5    "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1951(5).

6       130.    The acts alleged were related to each other by virtue of common
7    participants, common victims and a common result of fraud and enriching the
8    Defendants and conspirators at Plaintiff's expense while concealing the conspirators'
9    fraudulent activities. The theft/conversion scheme continues and would have remained
10    unknown but for Plaintiff having discovered the fraudulent activities when it attempted
11    to debit the Bank of America, N.A. account #1732 of Diligence and there were no
12    funds present therein after Plaintiff had confirmed that Diligence's 3rd party vendors
13    had in fact paid all outstanding amounts due to Diligence.

14       131.    To date, Plaintiff has been damaged in at least the sum of One Hundred
15    Six Thousand Eight Hundred Ten and 08/100 Dollars ($106,810.08) or according to
16    proof at the time of trial together with interest thereon at the lawful rate of 10% per
17    annum from and after the "Payment Date" set forth on each invoice attached hereto as
18    Exhibits "2" through "7", inclusive plus the 5% additional fee agreed upon between the
19    parties for the additional extensions of time to pay granted by Plaintiff to Defendants
20    in the sum of $5,340.50 plus attorneys' fees.

21       132.    Pursuant to RICO, 18 U.S.C. § 1964(c), Plaintiff is entitled to recover
22    three-fold its damages, plus costs and attorneys' fees from the Defendants.

23                       **SIXTH CLAIM FOR RELIEF**

24       (Fraud and Deceit - Intentional Misrepresentation - Suppression of Fact)

25       AS AND FOR A SIXTH CLAIM FOR RELIEF FOR FRAUD AND DECEIT -
26    INTENTIONAL MISREPRESENTATION - SUPPRESSION OF FACT, AGAINST
27    DEFENDANTS DILIGENCE, K. CHISM, PARRISH AND DOES 11 THROUGH 25,
28    INCLUSIVE, PLAINTIFF ALLEGES:

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

133.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 48, inclusive, Paragraphs 50 through 54, inclusive, and Paragraphs 56 through 60, inclusive, of its Complaint with the same force and effect as though set forth in full.

134.     Plaintiff is informed and believes, and based upon such information and belief alleges, that commencing on June 5, 2023 and continuing through the present, Defendants, and each of them, through Defendants K. Chism and Parrish, falsely, fraudulently and intentionally made the representations telephonically and in writing (via email) set forth in Paragraphs 31 through 48 hereinabove and as evidenced by Exhibits "1" through "15" hereto.

135.     The representations made by Defendants, and each of them, were in fact false, fraudulent and intentional.  The true facts were that Defendants, and each of them, through Defendants K. Chism and Parrish, knew, at the time they made the foregoing false and fraudulent representations that Defendants had no intention of paying the outstanding amounts due to Plaintiff and in truth and in fact it was a "scheme" orchestrated by Defendants to deprive Plaintiff of the monies to which it was rightfully entitled.  All of the false and fraudulent representations were made by Defendants, through Defendants K. Chism and Parrish, to induce Plaintiff into factoring the invoices/accounts receivable of Defendant Diligence so that Defendants, and each of them, could divert the funds received from Defendants' customers in payment of invoices to their own use and benefit and could obtain monies from Plaintiff on invoices which had already been paid by Defendants' customers.

136.     Furthermore, Plaintiff believes that (a) the payment by Defendants on the first twenty-six invoices factored was done for the purpose of lulling Plaintiff into a fall sense of security that Defendants would in fact pay Plaintiff for the additional invoices factored (Exhibits "2" through "7", inclusive hereto) when in truth and in fact, Defendants knew that payment had already been made by Defendants' customers and always intended to divert and convert the funds paid by their customers, which funds rightfully belonged to Plaintiff, to their own use and benefit.

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

137.     Plaintiff is further informed and believes and based thereon alleges that Defendants never had any intention whatsoever of paying Plaintiff any additional sums on the factored invoices/accounts receivable, but rather always intended to keep the $106,810.08 advanced by Plaintiff and convert same to their own use and benefit.

138.     When Defendants, and each of them, intentionally made these false and fraudulent representations they knew them to be false, and these false and fraudulent representations were made by Defendants, and each of them, with the intent to defraud and deceive Plaintiff, and with the intent to induce Plaintiffs to act in the manner herein alleged.

139.     Plaintiff, at the time these false and fraudulent representations were intentionally made by Defendants, and each of them, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendants' representations and believed them to be true.   In justifiable reliance on these false and fraudulent representations, Plaintiff was induced to and did factor Exhibits "2" through "7" inclusive, hereto into a bank account controlled, exclusively, by Diligence.   Had Plaintiff known the actual facts, it would never have factored Exhibits "2" through "7" inclusive, hereto into a bank account controlled by Defendant Diligence.   Plaintiff's reliance on Defendants' false and fraudulent representations was justified because Defendants had timely paid Plaintiff the monies due on twenty-six (26) prior invoices.

140.     As a proximate result of Defendants' fraud and deceit and the facts herein alleged, Plaintiff was deprived of the monies to which it was rightfully entitled, all to Plaintiff's damage in at least the sum of One Hundred Six Thousand Eight Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of trial together with interest thereon at the lawful rate of 10% per annum from and after the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through "7", inclusive plus the 5% additional fee agreed upon between the parties for the additional extensions of time to pay granted by Plaintiff to Defendants in the sum of $5,340.50 plus attorneys' fees and costs according to proof but in at least the sum of $50,000.00,

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1    or in an amount to be determined at trial.

2        141.    The aforementioned conduct of Defendants, and each of them, was

3    intentional misrepresentation, deceit or concealment of a material fact known to the

4    Defendants with the intention on the part of the Defendants of thereby depriving

5    Plaintiff of property or legal rights or otherwise causing injury, and was despicable

6    conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard

7    of Plaintiff's rights, so as to justify an award of punitive and exemplary damages, as

8    well as an award of attorneys' fees to the extent allowed by law.

9                        **SEVENTH CLAIM FOR RELIEF**

10       (Fraud and Deceit - Negligent Misrepresentation - Suppression of Fact)

11       AS AND FOR A SEVENTH CLAIM FOR RELIEF FOR FRAUD AND

12   DECEIT - NEGLIGENT MISREPRESENTATION - SUPPRESSION OF FACT,

13   AGAINST DEFENDANTS  DILIGENCE, K. CHISM, PARRISH AND DOES 11

14   THROUGH 25, INCLUSIVE, PLAINTIFF ALLEGES:

15       142.    Plaintiff realleges and incorporates herein by reference Paragraphs 1

16   through 48, inclusive, Paragraphs 50 through 54, inclusive, and Paragraphs 56 through

17   60, inclusive, of its Complaint with the same force and effect as though set forth in full.

18       143.    In order to state a claim for negligent misrepresentation, Plaintiff must

19   plead: (1) the misrepresentation of a past or existing material fact, (2) without

20   reasonable ground for believing it to be true, (3) within intent to induce another's

21   reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation;

22   and (5) resulting damage. *Apollo Fund, LLC v. Roth Capital Partners, LLC*, 158

23   Cal.App.4th 226, 243 (2007).  "Negligent misrepresentation is a species of fraud or

24   deceit specifically requiring an assertion." *Wilson v. Century 21*, 15 Cal.App.4th 298,

25   306 (1993).  Yet unlike an allegation of fraud, "negligent misrepresentation does not

26   require knowledge of falsity." *Apollo*, 158 Cal.App.4th at 243.  Moreover, the Ninth

27   Circuit has not yet decided whether the heightened pleading requirements under Rule

28   9 apply in negligent misrepresentation claims. *Petersen v. Allstate Indemnity Co.*, 281

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1   F.R.D. 413, 418-19 (C.D. Cal. 2012).

2       144.    In light of the fact that Plaintiff has stated and set forth a valid claim for

3   fraud against the Defendants based on the facts alleged hereinabove, we ask the Court

4   to also find that Plaintiff has stated a claim for negligent misrepresentation. *See Cisco*

5   *Systems, Inc. v. Tsai*, 215 W.L. 1273249 at *5 (C.D. Cal. January 9, 2015) (confirming

6   claim for negligent misrepresentation can be established by the same elements of fraud

7   but without the knowledge element).

8       145.    As a proximate result of Defendants' negligent misrepresentation and the

9   facts herein alleged, Plaintiff has suffered damages in at least the sum of One Hundred

10  Six Thousand Eight Hundred Ten and 08/100 Dollars ($106,810.08) or according to

11  proof at the time of trial together with interest thereon at the lawful rate of 10% per

12  annum from and after the "Payment Date" set forth on each invoice attached hereto as

13  Exhibits "2" through "7", inclusive plus the 5% additional fee agreed upon between the

14  parties for the additional extensions of time to pay granted by Plaintiff to Defendants

15  in the sum of $5,340.50 plus attorneys' fees and costs according to proof but in at least

16  the sum of $50,000.00, or in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### (Conversion)

19      AS AND FOR AN EIGHTH CLAIM FOR RELIEF FOR CONVERSION

20  AGAINST DEFENDANTS  DILIGENCE, K. CHISM, PARRISH AND DOES 11

21  THROUGH 25, INCLUSIVE, PLAINTIFF ALLEGES:

22      146.    Plaintiff realleges and incorporates herein by reference Paragraphs 1

23  through 48, inclusive, Paragraphs 50 through 54, inclusive, and Paragraphs 56 through

24  60, inclusive, of its Complaint with the same force and effect as though set forth in full.

25      147.    From on or about May 1, 2023 through the present, Plaintiff was and still

26  is the owner of and entitled to possession of the $106,810.08 taken by Defendants.

27      148.    From on or about at least May 1, 2023 through the present, the above-

28  mentioned property had a value of at least $106,810.08.

Complaint & Demand for Jury Trial

*Ronald P. Slates, A Professional Corporation*
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

149.    From on or about at least May 1, 2023 through the present, Defendants, and each of them, took the above-mentioned property from Plaintiff and converted the same to their own use and benefit.

150.    From on or about May 1, 2023 through the present, when Plaintiff first realized that Defendants, and each of them, had taken Plaintiff's monies/property and converted same to their own use and benefit, Plaintiff demanded, orally and in writing, that Defendants immediately turn over the above-mentioned property to Plaintiff but Defendants, and each of them, to date, have failed and refused and continue to fail and refuse to do so.

151.    As a proximate result of Defendants' conversion, Plaintiff has been deprived of the use and benefit to be derived from the property converted, all to Plaintiff's damage in at least the sum of One Hundred Six Thousand Eight Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of trial together with interest thereon at the lawful rate of 10% per annum from and after the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through "7", inclusive plus the 5% additional fee agreed upon between the parties for the additional extensions of time to pay granted by Plaintiff to Defendants in the sum of $5,340.50 plus attorneys' fees and costs according to proof but in at least the sum of $50,000.00, or in an amount to be determined at trial.

152.    Since Defendants, and each of them, knew that Plaintiff needed the aforesaid property, and that it would incur substantial hardship and expenses as a result of the conversion of the property belonging to Plaintiff by Defendants, and each of them, to themselves for their own use and benefit, the aforementioned conduct of Defendants, and each of them, was done with the intention on the part of the Defendants of depriving Plaintiff of its  property and/or legal rights and otherwise causing injury and was despicable conduct that subjected Plaintiff to cruel and unjust hardships in conscious disregard of Plaintiff's rights so as to justify an award of exemplary and punitive damages.

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

**NINTH CLAIM FOR RELIEF**

(Unjust Enrichment and Imposition of Constructive Trust)

AS AND FOR A NINTH CLAIM FOR RELIEF BASED ON UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST AGAINST DEFENDANTS DILIGENCE, K. CHISM, PARRISH AND DOES 11 THROUGH 25, INCLUSIVE, PLAINTIFF ALLEGES:

153.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 48, inclusive, Paragraphs 50 through 54, inclusive, and Paragraphs 56 through 60, inclusive, of its Complaint with the same force and effect as though set forth in full.

154.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have received a benefit at Plaintiff's expense.

155.    As alleged herein, as a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has been damaged in at least the sum of One Hundred Six Thousand Eight Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of trial together with interest thereon at the lawful rate of 10% per annum from and after the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through "7", inclusive plus the 5% additional fee agreed upon between the parties for the additional extensions of time to pay granted by Plaintiff to Defendants in the sum of $5,340.50 plus attorneys' fees and costs according to proof but in at least the sum of $50,000.00, or in an amount to be determined at trial.

156.    As further alleged herein, Defendants, and each of them, have enjoyed a benefit as alleged in this Complaint to the detriment of Plaintiff. Plaintiff is informed and believes and thereon alleges that the benefits conferred upon Defendants, and each of them, was the result of mistake, fraud or coercion, or request, thus making their enrichment unjust.

157.    Accordingly, in order to protect the Plaintiff, pending the final resolution of this action, Plaintiff requests that the Court impose a Constructive Trust over a

*Ronald P. Slates, A Professional Corporation*
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  sufficient amount of Defendants' assets and resources in order to ensure that Plaintiff

2  is made whole at the conclusion of this action.

3  ### **TENTH CLAIM FOR RELIEF**

4  ### **(CIVIL CONSPIRACY TO COMMIT FRAUD)**

5  AS AND FOR A TENTH CLAIM FOR RELIEF FOR CIVIL CONSPIRACY

6  TO COMMIT FRAUD AGAINST DEFENDANTS  DILIGENCE, K. CHISM,

7  PARRISH AND DOES 11 THROUGH 25, INCLUSIVE, PLAINTIFF ALLEGES:

8  158.  Plaintiff realleges and incorporates herein by reference Paragraphs 1

9  through 48, inclusive, Paragraphs 50 through 54, inclusive, and Paragraphs 56 through

10  60, inclusive, of its Complaint with the same force and effect as though set forth in full.

11  159.  Defendants, and each of them, agreed and knowingly and willfully

12  conspired among themselves to defraud Plaintiff as to converting the $106,810.08 paid

13  by Plaintiff to Defendant Diligence on the factored invoices.

14  160.  As a proximate result of the wrongful acts herein alleged, Plaintiff has

15  been damaged in at least the amount of One Hundred Six Thousand Eight Hundred Ten

16  and 08/100 Dollars ($106,810.08) or according to proof at the time of trial together

17  with interest thereon at the lawful rate of 10% per annum from and after the "Payment

18  Date" set forth on each invoice attached hereto as Exhibits "2" through "7", inclusive

19  plus the 5% additional fee agreed upon between the parties for the additional

20  extensions of time to pay granted by Plaintiff to Defendants in the sum of $5,340.50

21  plus attorneys' fees and costs according to proof but in at least the sum of $50,000.00,

22  or in an amount to be determined at trial.

23  161.  The acts of Defendants, and each of them, as described herein were acts

24  of oppression, fraud and malice.  Accordingly, Plaintiff should be awarded exemplary

25  and punitive damages pursuant to California Civil Code Section 3294, for the sake of

26  example and by way of punishing Defendants, and each of them, and deterring such

27  future conduct in an amount to be determined at trial.

28  ### **PLAINTIFF DEMANDS A JURY TRIAL**

Complaint & Demand for Jury Trial

1    WHEREFORE, Plaintiff prays for relief as follows:

2    FOR THE FIRST CLAIM FOR RELIEF FOR BREACH OF WRITTEN
3    CONTRACT AS TO   DILIGENCE, K. CHISM, PARRISH AND DOES 11
4    THROUGH 25, INCLUSIVE:

5         1.     For damages in at least the sum of One Hundred Six Thousand Eight
6    Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of
7    trial;

8         2.     For interest thereon at the lawful rate of 10% per annum from and after
9    the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through
10   "7", inclusive;

11        3.     For the 5% additional fee agreed upon between the parties for the
12   additional extensions of time to pay granted by Plaintiff to Defendants in the sum of
13   $5,340.50; and

14        4.     For attorneys' fees in at least the sum of $50,000.00 or according to
15   proof at the time of trial;

16   FOR THE SECOND CLAIM FOR RELIEF FOR BREACH OF ORAL
17   CONTRACT AS TO DEFENDANTS  DILIGENCE, K. CHISM, PARRISH AND
18   DOES 11 THROUGH 25, INCLUSIVE:

19        5.     For damages in at least the sum of One Hundred Six Thousand Eight
20   Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of
21   trial;

22        6.     For interest thereon at the lawful rate of 10% per annum from and after
23   the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through
24   "7", inclusive;

25        7.     For the 5% additional fee agreed upon between the parties for the
26   additional extensions of time to pay granted by Plaintiff to Defendants in the sum of
27   $5,340.50; and

28        8.     For attorneys' fees in at least the sum of $50,000.00 or according to

Complaint & Demand for Jury Trial

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  proof at the time of trial;

2      FOR THE THIRD CLAIM FOR RELIEF FOR VIOLATIONS OF THE

3  RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACTION

4  ("RICO") (WIRE FRAUD) AGAINST DEFENDANTS K. CHISM, PARRISH AND

5  DOES 1 THROUGH 10, INCLUSIVE:

6      9.    For damages in at least the sum of One Hundred Six Thousand Eight

7  Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of

8  trial;

9      10.   For interest thereon at the lawful rate of 10% per annum from and after

10 the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through

11 "7", inclusive;

12     11.   For the 5% additional fee agreed upon between the parties for the

13 additional extensions of time to pay granted by Plaintiff to Defendants in the sum of

14 $5,340.50;

15     12.   For punitive and exemplary damages according to proof at the time of

16 trial; and

17     13.   For attorneys' fees to the extent permitted by law;

18     FOR THE FOURTH CLAIM FOR RELIEF FOR VIOLATIONS OF THE

19 RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACTION

20 ("RICO") (MONEY LAUNDERING) AGAINST DEFENDANTS K. CHISM,

21 PARRISH AND DOES 1 THROUGH 10, INCLUSIVE:

22     14.   For damages in at least the sum of One Hundred Six Thousand Eight

23 Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of

24 trial;

25     15.   For interest thereon at the lawful rate of 10% per annum from and after

26 the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through

27 "7", inclusive;

28     16.   For the 5% additional fee agreed upon between the parties for the

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

Complaint & Demand for Jury Trial

1  additional extensions of time to pay granted by Plaintiff to Defendants in the sum of

2  $5,340.50;

3       17.  For punitive and exemplary damages according to proof at the time of

4  trial;

5       18.  For attorneys' fees to the extent permitted by law;

6      FOR THE FIFTH CLAIM FOR RELIEF FOR VIOLATIONS OF THE

7  RACKETEERING INFLUENCE AND CORRUPT ORGANIZATIONS ACTION

8  ("RICO") (THEFT/CONVERSION) AGAINST DEFENDANTS K. CHISM,

9  PARRISH AND DOES 1 THROUGH 10, INCLUSIVE:

10      19.  For damages in at least the sum of One Hundred Six Thousand Eight

11 Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of

12 trial;

13      20.  For interest thereon at the lawful rate of 10% per annum from and after

14 the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through

15 "7", inclusive;

16      21.  For the 5% additional fee agreed upon between the parties for the

17 additional extensions of time to pay granted by Plaintiff to Defendants in the sum of

18 $5,340.50;

19      22.  For punitive and exemplary damages according to proof at the time of

20 trial;

21      23.  For attorneys' fees to the extent permitted by law;

22     FOR THE SIXTH CLAIM FOR RELIEF FOR FRAUD AND DECEIT -

23 INTENTIONAL MISREPRESENTATION - SUPPRESSION OF FACT AGAINST

24 DEFENDANTS DILIGENCE, K. CHISM, PARRISH AND DOES 11 THROUGH 25,

25 INCLUSIVE:

26      24.  For damages in at least the sum of One Hundred Six Thousand Eight

27 Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of

28 trial;

Complaint & Demand for Jury Trial

*Ronald P. Slates, A Professional Corporation*
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  25.    For interest thereon at the lawful rate of 10% per annum from and after

2  the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through

3  "7", inclusive;

4  26.    For the 5% additional fee agreed upon between the parties for the

5  additional extensions of time to pay granted by Plaintiff to Defendants in the sum of

6  $5,340.50; and

7  27.    For attorneys' fees in at least the sum of $50,000.00 or according to

8  proof at the time of trial;

9  28.    For punitive and exemplary in an amount to be determined at trial;

10  FOR THE SEVENTH CLAIM FOR RELIEF FOR FRAUD AND DECEIT -

11  NEGLIGENT MISREPRESENTATION - SUPPRESSION OF FACT AGAINST

12  DEFENDANTS DILIGENCE, K. CHISM, PARRISH AND DOES 11 THROUGH 25,

13  INCLUSIVE:

14  29.    For damages in at least the sum of One Hundred Six Thousand Eight

15  Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of

16  trial;

17  30.    For interest thereon at the lawful rate of 10% per annum from and after

18  the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through

19  "7", inclusive;

20  31.    For the 5% additional fee agreed upon between the parties for the

21  additional extensions of time to pay granted by Plaintiff to Defendants in the sum of

22  $5,340.50; and

23  32.    For attorneys' fees in at least the sum of $50,000.00 or according to

24  proof at the time of trial;

25  FOR THE EIGHTH CLAIM FOR RELIEF FOR CONVERSION AGAINST

26  DEFENDANTS DILIGENCE, K. CHISM, PARRISH AND DOES 11 THROUGH 25,

27  INCLUSIVE:

28  33.    For damages in at least the sum of One Hundred Six Thousand Eight

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1 Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of

2 trial;

3     34.    For interest thereon at the lawful rate of 10% per annum from and after

4 the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through

5 "7", inclusive;

6     35.    For the 5% additional fee agreed upon between the parties for the

7 additional extensions of time to pay granted by Plaintiff to Defendants in the sum of

8 $5,340.50; and

9     36.    For attorneys' fees in at least the sum of $50,000.00 or according to

10 proof at the time of trial;

11     37.    For punitive and exemplary damages according to proof at the time of

12 trial;

13     FOR THE NINTH CLAIM FOR RELIEF FOR UNJUST ENRICHMENT AND

14 IMPOSITION OF CONSTRUCTIVE TRUST AGAINST DEFENDANTS

15 DILIGENCE, K. CHISM, PARRISH AND DOES 11 THROUGH 25, INCLUSIVE:

16     38.    For damages in at least the sum of One Hundred Six Thousand Eight

17 Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of

18 trial;

19     39.    For interest thereon at the lawful rate of 10% per annum from and after

20 the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through

21 "7", inclusive;

22     40.    For the 5% additional fee agreed upon between the parties for the

23 additional extensions of time to pay granted by Plaintiff to Defendants in the sum of

24 $5,340.50; and

25     41.    For attorneys' fees in at least the sum of $50,000.00 or according to

26 proof at the time of trial;

27     42.    For imposition of a constructive trust over a sufficient amount of

28 Defendants' assets and resources in order to ensure that Plaintiff is made whole at the

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536

1  conclusion of this action;

2      FOR THE TENTH CLAIM FOR RELIEF FOR CIVIL CONSPIRACY TO

3  COMMIT FRAUD AGAINST DEFENDANTS DILIGENCE, K. CHISM, PARRISH

4  AND DOES 11 THROUGH 25, INCLUSIVE:

5      43.    For damages in at least the sum of One Hundred Six Thousand Eight

6  Hundred Ten and 08/100 Dollars ($106,810.08) or according to proof at the time of

7  trial;

8      44.    For interest thereon at the lawful rate of 10% per annum from and after

9  the "Payment Date" set forth on each invoice attached hereto as Exhibits "2" through

10  "7", inclusive;

11      45.    For the 5% additional fee agreed upon between the parties for the

12  additional extensions of time to pay granted by Plaintiff to Defendants in the sum of

13  $5,340.50;

14      46.    For attorneys' fees in at least the sum of $50,000.00 or according to

15  proof at the time of trial; and

16      47.    For punitive and exemplary damages according to proof at the time of

17  trial;

18      FOR ALL CAUSES OF ACTION:

19      48.    For costs of suit incurred herein; and

20      49.    For any such other and further relief as this Honorable Court deems just

21  and proper.

22      DATED: September 29, 2023

23                  Respectfully submitted,

24                  RONALD P. SLATES,

                A PROFESSIONAL CORPORATION

25

26

27                  BY: RONALD P. SLATES
        Attorney for Plaintiff Lunch Inc., a Delaware corporation

28

Ronald P. Slates, A Professional Corporation
500 S. GRAND AVENUE, BILTMORE TOWER SUITE 2010
LOS ANGELES, CALIFORNIA 90071
(213) 624-1515 / FAX (213) 624-7536