UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-08414-JLS-AGR                              Date: May 23, 2024
Title:  Lunch, Inc. v. Diligence Corp., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles A. Rojas | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION**

Plaintiff Lunch, Inc. seeks default judgment on its claims for breach of contract, fraud, conversion, and violations of RICO against Defendants Diligence, Corp., Keshanti Chism, and Carrie Parrish.  (Mot. at 2, Doc. 28.)  But Plaintiff makes no allegations in its complaint or motion that support personal jurisdiction over Defendants.  The Complaint describes the basis for the Court's subject-matter jurisdiction and then alleges that "[t]his Court also has personal jurisdiction over Defendants K. Chism and Parrish based upon the ultra vires acts committed by them which exceeded their authority as Chief Executive Officer and director and officer and director, respectively, of Defendant Diligence."  (Compl. ¶ 21, Doc. 1.)  Ultra vires acts are relevant as to the Court's ability to hold individuals liable for the alleged misconduct of a defendant corporation, but they do not, in and of themselves, confer personal jurisdiction upon the Court.

Rather, for a court to exercise personal jurisdiction over a defendant, the plaintiff's claims must "'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017)).  For an out-of-state defendant, the "jurisdictional inquiry depends," among other things, "on the nature of the claim at issue."  *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015).  "For claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-08414-JLS-AGR                                                                 Date: May 23, 2024
Title:  Lunch, Inc. v. Diligence Corp., et al.

sounding in contract," the court asks "whether a defendant has 'purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004)).  "For claims sounding in tort," the court "appl[ies] a 'purposeful direction' test and look[s] to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere."  *Id.*

     Here, the Court cannot ascertain from the Complaint or the Motion for Default Judgment whether it has personal jurisdiction over Defendants; Plaintiffs do not allege how Defendants availed themselves of the privileges of conducting activities within California or how Defendants directed their actions at California.  "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter *and the parties*."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (emphasis added).  Therefore, Plaintiff is ORDERED to submit supplemental briefing on the question of whether the Court can exercise personal jurisdiction over each of the Defendants.  Plaintiffs shall file a written response of not more than **five (5) pages**.  That response is due within **seven (7) days** from the issuance of this Order.  The hearing on the Motion for Default Judgment, currently scheduled for May 31, 2024, is CONTINUED to June 7, 2024, at 10:30 a.m.

                                                   Initials of Deputy Clerk: cr