| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES – GENERAL**

| Case No. 2:23-cv-08414-JLS-AGR | Date: June 06, 2024 |
|---|---|
| Title: Lunch, Inc. v. Diligence Corp., et al. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles A. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:** **(IN CHAMBERS)  ORDER: (1) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 28); AND (2) DISMISSING ACTION FOR LACK OF PERSONAL JURISDICTION**

Before the Court is a Motion for Default Judgment filed by Plaintiff Lunch, Inc. (Mot., Doc. 28.)  The Court requested supplemental briefing to address whether the Court has personal jurisdiction over Defendants in this action.  (*See* Order, Doc. 31.)  Plaintiff timely filed a Response.  (Response, Doc. 32.)  Having reviewed the supplemental brief, the Court now DENIES Plaintiffs' Motion for Default Judgment and DISMISSES the action for lack of personal jurisdiction.

Plaintiff seeks default judgment against Defendants Diligence Corp., Keshanti Chism, and Carrie Parrish, all alleged to be citizens of Tennessee.  (Compl. ¶¶ 2, 3, 6.)  "[W]hen a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  It is the plaintiff's burden to "make 'a prima facie showing of jurisdictional facts,'" to justify an exercise of personal jurisdiction. *Burri L. PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-08414-JLS-AGR　　　　　　　　　　　　Date: June 06, 2024
Title: Lunch, Inc. v. Diligence Corp., et al.

Plaintiffs argue that the Court may exercise personal jurisdiction over Defendants because Defendants' conduct establishes specific jurisdiction in California. (Response at 3–4, 6.) The Ninth Circuit has established three requirements for a district court to exercise specific personal jurisdiction over a nonresident defendant:

> (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[] himself of the privileges of conducting activities in the forum";
>
> (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and
>
> (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002)).

Where a plaintiff's claims sound in tort, courts "look to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). "For claims sounding in contract," courts ask "whether a defendant has 'purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004)). Here, Plaintiff argues that it has proffered sufficient jurisdictional facts to show that Defendants both availed themselves of the privilege of conducting activities in California and directed their conduct toward California. (*See* Response.) But Plaintiff's facts fall short on either prong.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-08414-JLS-AGR | Date: June 06, 2024 |
| Title:  Lunch, Inc. v. Diligence Corp., et al. | |

### A.  Purposeful Direction for Tort Claims

The "purposeful direction" inquiry is a three-part "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984).  *See Schwarzenegger*, 374 F.3d at 803.  Under this test, the defendant must allegedly have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Id.* at 805 (quoting *Dole Food*, 303 F.3d at 1111).

Here, Plaintiff has failed to show that Defendants expressly aimed an intentional act at California.  Plaintiff relies on outdated case law and argues "knowledge that [a tort's] effect will occur in the forum state is enough to satisfy personal jurisdiction."  (Response at 6 (citing *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 675–76 (9th Cir. 2012).)  But as the Ninth Circuit later clarified, "the Supreme Court rejected [*Washington Shoe*'s] conclusion that the defendants' knowledge of [the plaintiffs'] strong forum connections, plus the foreseeable harm the plaintiffs suffered in the forum, comprised sufficient minimum contacts. … The Court made clear that we must look to the defendant's own contacts with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069–70 (9th Cir. 2017) (citations and quotations omitted).  Therefore, Defendants' knowledge that the effects of their misconduct would be felt in California does not establish personal jurisdiction.

Plaintiff does not proffer any additional jurisdictional facts and merely concludes that Defendants' conduct "was purposeful and intentional with the deliberate and express aim of harming the financial interests of Plaintiff."  (Response at 6.)  This conclusory statement does not explain how Defendants aimed their conduct at California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-08414-JLS-AGR                                                                 Date: June 06, 2024
Title:  Lunch, Inc. v. Diligence Corp., et al.

B. **Purposeful Availment for Contract Claims**

Meanwhile, a determination that a defendant purposefully availed himself of the privilege of conducting business in the forum state must rely on more than the existence of a contract with forum residents.  *Picot*, 780 F.3d at 1212.  Instead, contacts with the forum state must "proximately result from actions by the defendant *himself* that create a substantial connection with the forum State.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quotations omitted).  Factors such as "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing … must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum."  *Id.* at 479.

Plaintiff proffers no jurisdictional facts that relate to the relevant factors identified by the Supreme Court.  Instead, Plaintiff argues that the nature of the contract between it and Defendants "created continuing obligations to forum residents," which can give rise to personal jurisdiction.  (Response at 4 (citing *Cybersell v. Cybersell*, 130 F.3d 414, 417 (9th Cir. 1997).)  But Plaintiff's conclusory assertion that Defendants created this sort of continuing obligation is not sufficient, as the Court cannot evaluate the nature and extent of those obligations.  Furthermore, the cases in which those kinds of continuing obligations have given rise to personal jurisdiction typically involve a company, like a bank or insurance company, doing extended business with forum residents.  *See, e.g.*, *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1399–1400 (9th Cir. 1986) (finding purposeful direction where insurance company issued insurance contracts to several California doctors because those insurance contracts created continuing obligations between the company and California residents).  Plaintiff has not explained how the obligations owed by Defendants are similarly continuing or extensive.  Rather, it seems that Defendants simply owe Plaintiff money pursuant to the contract.  But the mere existence of that contract is not sufficient for personal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-08414-JLS-AGR                          Date: June 06, 2024
Title:  Lunch, Inc. v. Diligence Corp., et al.

## II.     CONCLUSION

      Plaintiff, having been given an opportunity in its supplemental briefing to identify facts sufficient to support personal jurisdiction over Defendants, has failed to do so.  For that reason, the Motion is DENIED.  The action is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.  The hearing scheduled for June 7, 2024, at 10:30 a.m. is VACATED.

                                                         Initials of Deputy Clerk: cr